**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LEO MORRISSETTE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **1:09-CV-314-TFM** |
| ) | **WO** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM OPINION

Following administrative denials of applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*., Leo Morrissette ("Morrissette") received a requested hearing, represented by counsel, before an administrative law judge ("ALJ"), who rendered an unfavorable decision on September 2, 2008.  When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"), and this judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c).  After careful scrutiny of the record and briefs, the Magistrate Judge AFFIRMS the Commissioner's decision.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.  The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). The Commissioner's decision must be considered conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d

1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971),Crawford v. Commissioner of Soc. Sec.*, 363 F.2d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Substantial evidence is "more than a scintilla but less than a preponderance," *Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983),* and does not require, "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564-565 (1988). On appeal, this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment' for that of the Commissioner, even if it finds the evidence susceptible to more than one rational interpretation. *Bloodsworth,* 703 F. 2d at 1239.

## II.  ADMINISTRATIVE FINDINGS

Morrissette was born in May, 1957, and has not engaged in substantial gainful work since the alleged onset of disability on June 15, 2006. Morrissette is a high school graduate with past relevant work experience as a Correctional Officer for the State of Alabama. (R.48).

The ALJ found that Morrissette has severe physical impairments, namely, diabetes mellitus with neuropathy and mild hearing loss. Nonetheless, the ALJ concludes, that "[t]he claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R §§ 404, Subpart P, Appendix 1(20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526) .

After finding Morrissette unable to perform any of his past relevant work, the ALJ determined nonetheless that Morrissette is capable of making a successful adjustment to other work as an assembler, parking lot attendant, or security guard, which are occupations that exist in

significant numbers in the national economy. Accordingly, the ALJ found that Morrissette was not disabled as defined in the Act, at any time through the date of [his] decision."[1]

## III.   ISSUES

Morrissette appeals raises three issues:

(1) Whether the ALJ had substantial evidence to find Morrissette can perform medium work;

(2) Whether the ALJ had substantial evidence to find Morrissette did not have a severe mental impairment;

(3) Whether the ALJ met his burden of proof to show Morrissette can perform other work in the national economy.

Whether the actions of the ALJ in each instance was proper hinges on whether the Commissioner's disability decision is supported by proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 672 (11th Cir. 1987).

## IV.   OPINION

### I.   The ALJ had substantial evidence to find Morrissette can perform medium work.

Both parties agree the ALJ had substantial evidence to find Morrissette suffers from diabetes mellitus, with neuropathy and mild hearing loss. Given the consensus, the Court need focus only on whether the record before the ALJ was sufficient for the ALJ to conclude Morrissette has the residual functional capacity (RFC) to engage in medium work. In a nutshell, RFC is the most a claimant can do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). On one hand, a claimant has the burden to prove his disability (*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th

---

[1] The ALJ's disability analysis followed the five-step sequential evaluation process summarized in *Phillips v. Barnhart*, 357 F. 3d 1232, 1237 (11th Cir. 2004). *See* R. 39-41.

Cir. 2001), as well as to prove his RFC ( *Pearsall v. Massanari,* 274 F. 3d 1211, 1217 (8th Cir. 2001)).  On the other hand, the ALJ must correctly assess the RFC.  *Phillips*, 357 F.3d. at 1238; 20 C.F.R.§404.1546(c).  The ALJ will consider all relevant medical and other evidence, including medical source statements and the claimant's own description of his limitations. 20 C.F.R. §404.1545(a)(3).

    The ALJ had several medical records from many physicians and providers who treated Morrissette for conditions related and unrelated to his diabetes, hearing loss and mental status. (R. 41-44).  The pertinent medical records before the ALJ came  from Julie Ann Rikard, an audiologist; Dr. Ron Harrell, a cardiovascular disease specialist; Dr. Connie A. Chandler, a primary care physician; Dr. Steven Harris, an otolaryngologist; and  Dr. David Claassen, a family physician. The opinion of the ALJ clearly indicates the ALJ considered all of the medical records to determine whether Morrissette is indeed disabled.

    Dr. Chandler has been Morrissette's physician for 20 years, and it is notable that their doctor/patient relationship began approximately eight years before the alleged onset date of Morrissette's disability. (R.257).  No medical records before the ALJ indicates anyone had a longer treatment relationship with Morrissette than Dr. Chandler.  Morrissette saw Dr. Chandler almost a year after the alleged onset of disability to obtain a statement that he cannot work because of his diabetes, sleep apnea, anxiety and hearing loss.  Morrissette told Dr. Chandler during the examination his lawyer thought the statement would speed up his disability case.  Dr. Chandler noted in her medical records that she told Morrissette she would not write such a statement because there was no reason for [Morrissette] not to work . (R. 261).  During a subsequent visit with Dr. Chandler on May 12, 2008,  almost two years after the alleged onset of disability, Dr. Chandler

wrote another medical note stating that she told Morrissette that she thought he was able to work. (R. 254).  Morrissette came to see Dr. Chandler on May 12, 2008 because he had stinging in both legs mainly at night.  (R.254).  While the disability decision belongs exclusively to the Commissioner in the first instance, an ALJ may give great or decisive weight to the medical opinion of a treating physician who has a longstanding relationship with a claimant.  *See* 20 C.F.R. § 404.1527(d)(2).  Dr. Chandler's opinion is logically more weighty given the medical records before the ALJ indicate Morrissette is not insulin dependent (Exs. 12F, 16F, and 19F).

In addition to medical records, the ALJ may rely upon a claimant's own statements concerning his limitations to evaluate a disability claim. *See Sykes v. Bowen,* 854 F. 2d 284, 286 (8th Cir. 1988); 20 C.F.R. § 404.1545(a)(3).  Morrissette's own statements and the medical evidence led the ALJ to find that Morrissette can perform a limited range of medium work. (R. 46-48).  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, the person can also do sedentary and light work.  20 C.F.R. § 404.1567(c).  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the person must have the ability to do substantially all of these activities.  If someone can do light work that person can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).  The jobs within the national economy which the ALJ found suitable for Morrissette are considered light work.  (R. 49).

Morrissette testified that he can walk and stand thirty to forty minutes at a time, lift 25 pounds, and sit thirty minutes to one hour at a time. (R. 21-22). "Credibility determinations with respect to the subjective testimony of a claimant are generally reserved to the ALJ." *Couch v. Astrue*, 267 Fed. Appx. 853, 856 (11th Cir. 2008). The ALJ found Morrissette not entirely credible, hence, the ALJ could and did find Morrissette capable of lifting fifty pounds occasionally. (R. 45- 47). Morrissette had past relevant work at the medium exertional level, therefore it is not unreasonable for the ALJ to find from the available evidence that Morrissette could engage in substantial gainful activity. (R.29).

## II. The ALJ had substantial evidence to find Morrissette did not have a severe mental impairment.

A claimant bears the burden to establish their disability. *Doughty, id.* A severe mental impairment is one that limits a claimant's ability to perform basic work activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R.§ 404.1520(c). Regulations explain that mental impairments impact a claimant's ability to understand, carry out and remember simple instructions, use judgment, respond appropriately to supervision, co-workers, and the usual work situations, and deal with changes in a routine work setting. 20 C.F.R. § 404.1521(b). To evaluate a mental impairment claim, the ALJ must rate the claimant's functional limitations in four broad areas: activities of daily living, social functioning, concentration, persistence , or pace, and episodes of decompensation. 20 C.F.R.§ 404.1520a(c). If an ALJ finds no limitation in the fourth area and finds mild or no limitations in the other areas, the Commissioner will generally conclude the impairment is not severe. 20 C.F.R. §404.1520a(d)(1). The ALJ found Morrissette did not have a severe mental impairment because Morrissette had no episodes of decompensation and mild

limitations in the remaining areas. (R.44).

Two main pieces of medical evidence were before the ALJ to decide whether Morrissette had a severe mental impairment.  Neither party contends nor was there any evidence before the ALJ that Morrissette had any episodes of decompensation.  Morrissette simply disagrees with the conclusions which the ALJ drew from the evidence with respect to the other functional areas.  The Court notes that it is not called upon to agree or disagree with the decision given by the ALJ. *See Hand v. Astrue*, 2008 WL 4525358, *11 (N.D. Fla 2008).  The Court must affirm if there is substantial evidence for the ALJ to determine the claimant is not disabled under the Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence."); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (Courts "must defer to the Commissioner's decision if it is supported by substantial evidence.").  In the instant case, the Court finds that the ALJ was correct that none of the evidence indicates more than a mild limitation upon Morrissette.

First, the ALJ had before him and considered records from Dr. Chandler, a treating physician.  In a treatment note dated May 3, 2007, Dr. Chandler diagnosed Morrissette as beset by diabetes mellitus, hearing loss, and obstructive sleep apnea. (R.261).  The note also lists under the diagnosis column, "anxiety??"  The note goes on to list a plan of care for each condition except the anxiety reported by Morrissette.  Slightly more than a year later,  Dr. Chandler wrote another treatment note listing all four diagnosis and a treatment plan to address each of the conditions except the anxiety diagnosis.  Assuming from the notes that Dr. Chandler found Morrissette suffers from anxiety, she obviously felt Librium the appropriate means to address and control the condition. (R. 114, 117, 131, 226). Morrissette sets out in his brief that Dr. Chandler prescribed Librium to treat his anxiety.  (Pl.

Br. at 12). No medical evidence was before the ALJ to indicate that the medication did not control any anxiety issues which allegedly beset Morrissette. A condition adequately controlled by medication is generally not disabling under the Act. *See Gibbs v. Barnhart*, 156 Fed.Appx. 243 (11th Cir. 2005). Furthermore, neither mere allegations nor diagnosis alone provides a sufficient basis for finding that an impairment is severe. *Ogranaja v. Comm'r of Soc. Sec.,* 186 Fed.Appx. 848, 850 (11th Cir. 2006); *see also Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002).

Next, the ALJ had records from Robert Nolan, Ph.D., a psychologist who examined Morrissette at the request of the Commissioner. In pertinent part, Dr. Nolan concluded that Morrissette complained of anxiety to a degree which might compromise his ability to work but Dr. Nolan found nothing during the examination which would confirm Morrissette does indeed suffer from work debilitating anxiety. (R.186). In fact, Dr. Nolan found Morrissette could function independently, has the ability to grasp and understand the expectations of the workplace, and has the ability to respond appropriately to the expectations of the workplace. (R. 186). In sum, all the ALJ, Dr. Nolan and Dr. Chandler had were the unsubstantiated claims from Morrissette. Mere unsubstantiated claims from a claimant are not alone, conclusive evidence of disability. 20 C.F.R. § 404.1529(a). Even if the claims were sufficient, nothing is before the Court or was before the ALJ to show the Librium did not control Morrissette's alleged anxiety symptoms. The ALJ gave Morrissette the benefit of any doubt that he had anxiety symptoms but found that they were mild limitations upon Morrissette. (R. 44). The mild limitations findings is appropriate inasmuch as Morrissette testified his anxiety affect him in only one area, *i.e.*, his decision not to go to the local grocery store so he can avoid running into former inmates who may have been incarcerated in the prison where he used to work as a Correction Officer. (R 23 ). To the extent the anxiety claims rest

on the credibility of Morrissette, the ALJ cited ample reason to discount the veracity of Morrissette about the effects of his disabling conditions. (R.46-48).

### III. The ALJ met his burden of proof to show Morrissette can perform other work in the national economy.

Morrissette argues the ALJ did not meet his burden of proof to show he can perform other work that exists in significant numbers in the national economy. The Commissioner has the burden to show a claimant can perform work that exists in significant number in the national economy if the claimant demonstrates that he cannot perform past relevant work. *Foote v. Chater,* 67 F. 3d 1553, 1559 (11th Cir. 1995). To meet his burden, the ALJ may pose a hypothetical question to a vocational expert (VE) that comprehensively describes all the claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). An ALJ is not required to pose hypothetical questions to the VE which assumes limitations the ALJ does not find credible. *Crawford v. Comm'r of Soc. Sec.*, 363 F. 3d at 1161.

For the reasons stated above, the Court agrees that ALJ properly discounted the limitations which Morrissette claims and posed a complete hypothetical. The hypothetical is sufficient for the Commissioner to meet his burden. *Jones, id.*

### V.  CONCLUSION

The court has carefully and independently reviewed the record and AFFIRMS the decision of the Commissioner.

A separate judgment will issue.

DONE this 18th day of June, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE